PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2002 PT Cruiser struck a hole on West Run Road, designated as County Route 67/1, in Morgantown, Monongalia County. County Route 67/1 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 1:00 p.m. or 2:00 p.m. on March 6,2008. County Route 67/1 is a narrow road with no center lines or edge lines. At the time of the incident, claimant was driving at approximately five miles per hour. Since the road is narrow, she was watching for oncoming traffic. When she saw an oncoming vehicle traveling towards her, her vehicle struck a hole that was approximately five or six inches wide and three or four inches deep. The claimant is familiar with this road, and stated that the road surface could have cracked due to the trucks traveling on County Route 67/1. As a result of this incident, claimant’s oil plan needed to be replaced ($160.06), and she had to purchase sparkplugs ($9.37). Claimant incurred damages in the amount of $169.43. She also seeks to recover the cost of gas expenses for her friends and family that provided her with transportation while her vehicle was in disrepair, but she did not provide the Court with documentation for this loss. Claimant’s insurance deductible is $1,000.00,
The position of the respondent is that it did not have actual or constructive notice *167 of the condition on County Route 67/1. Kathy Westbrook, Highway Administrator for respondent in Monongalia County, testified that County Route 67/1 is a third priority road in terms of its maintenance. The road was closed for approximately six months due to contractors performing construction in this area. Respondent did not have any prior problems with this particular hole on County Route 67/1.
The well-established principle of law in W est Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle. However, the Court is unable to reimburse the claimant for the gas expenses incurred by her family and friends while her vehicle was in disrepair.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $169.43.
Award of $169.43.